UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SREAM, INC.                                  CIVIL ACTION NO. 17-cv-1198

VERSUS                                       JUDGE DRELL

TONY HUSEIN, ET AL                           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Sream, Inc. ("Plaintiff") filed this trademark action against the proprietors of a north Louisiana smoke shop based on allegations that the shop sold a counterfeit glass water pipe that bore Plaintiff's trademark. Federal Rule of Civil Procedure 4(m) generally allows 90 days from the filing of the complaint to serve the defendants. Plaintiff took 230 days to serve one of the defendants and has yet to serve the other defendant. Nora Husein, the defendant who was served, has filed a Motion to Dismiss (Doc. 10) pursuant to Fed. R. Civ. Pro. 4(m) and Rule 41 based on untimely service and failure to prosecute. For the reasons that follow, it is recommended that the complaint be dismissed without prejudice for failure to make timely service.

**Relevant Facts**

Plaintiff alleged in its complaint that Smoke Corner, a retail business in Mansfield, Louisiana, engaged in the unlawful manufacture or sale of water pipes or related parts that were branded "RooR," which is a trademark over which Plaintiff has the exclusive U.S. license. Plaintiff alleged that one of its investigators purchased a glass water pipe from

Smoke Corner on September 24, 2016 (almost one year before suit was filed on September 20, 2017) that bore an unauthorized RooR mark. The cost of the product was $33.14. Plaintiff alleged that Smoke Corner's acts constituted willful trademark infringement in violation of the Lanham Act and entitled Plaintiff to an injunction and an award of treble damages and attorney's fees.

The complaint stated that it was being filed against "the defendant, TONY HUSEIN d/b/a SUPER DISCOUNT TOBACCO SHOP AND NORA HUSEIN d/b/a SMOKE CORNER (hereinafter referred to as 'SMOKE CORNER')." The complaint thereafter referred only to Smoke Corner, but it appears that the properly named defendants are the two individuals: Tony Husein and Nora Husein. The "d/b/a" names attributed to them do not appear in the Louisiana Secretary of State's database as entities organized or registered in this state.

The Clerk of Court issued summonses for Nora Husein and Tony Husein on the same day the complaint was filed. Plaintiff soon filed its corporate disclosure statement but took no further action of record until it moved to substitute new counsel on November 7, 2017. At that time, there was still an opportunity to make timely service. But nothing else was filed in the record until Nora Husein filed her motion to dismiss 203 days later in May 2018.

Ms. Husein attached to her motion an unsworn declaration made pursuant to 28 U.S.C. § 1746. She states that a Smoke Corner employee told her on May 8, 2018 that the DeSoto Parish Sheriff's Office was looking for her and had legal papers to deliver. Ms. Husein went to the Sheriff's Office that same day and was given a copy of a summons and

the complaint filed in this action. Ms. Husein states that, prior to then, she was not aware of any service attempts by Plaintiff on her, and she had no knowledge of this suit. Ms. Husein adds that her husband's name is Hisham Husein, and he sometimes goes by the nickname Tony. She is not aware of any service attempts made on him in connection with this litigation.

Plaintiff filed a memorandum in response to the motion to dismiss. Counsel set forth facts in the memorandum regarding alleged efforts to make service, but the memorandum is not accompanied by an affidavit, correspondence, or any other evidence to back the assertions. Counsel represents that the original attorney for Plaintiff, upon filing the complaint, immediately sent the summons and complaint to LRI Process Services to serve "the Defendant through its registered agent." However, the request "was not accurately placed in the system" and no service was made.

Plaintiff's current counsel took over the case in early November 2017, less than two months after the complaint was filed and with time left to make timely service. Counsel says that he did not realize until February 21, 2018 (154 days after the complaint was filed; 64 days after the Rule 4 deadline) that "Defendant" had not been served. Counsel represents that on the day he learned that LRI had not made service he "immediately resent them the Summons and Complaint to be sent out for immediate service upon the Defendant." LRI sent the papers to their server in Louisiana on the following day. "Sometime later, the designated server informed LRI Process Services that he did not work in the area of the Defendant's address." In April, counsel asked LRI about service. LRI realized that service had not been made and sent the papers to the DeSoto Parish Sheriff's

Office on April 24, 2018. That finally led to Nora Husein being served on May 8, 2018, 230 days after the complaint was filed.

Plaintiff's complaint names two individuals as defendants. There is no specific allegation or indication on the Secretary of State's website that Smoke Corner is a corporation or other legal entity for which Nora Husein is an agent, and the summonses that were issued by the Clerk of Court were designated for Nora Husein and Tony Husein (individually). Plaintiff appears to assume in its memorandum that "the Defendant" has been served, and Plaintiff makes reference to service through an agent for service. However, there is no corporation or other entity named as a defendant in the complaint, there is no record of a summons being issued for an entity, and Plaintiff has yet to file a service return in the record to reflect exactly what/who was served. Nora Husein states that she was served 230 days after the complaint was filed, and she states that the other defendant Hisham/Tony Husein has never been served. There is no evidence to the contrary.

**Analysis**

    **A. The Rule**

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

### B. No Discretionary Extension

"Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." Thrasher v. City of Amarillo, 709 F.3rd 509, 510 (5th Cir. 2013). A discretionary extension may be warranted "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service ...." Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008).

There is no suggestion that any party is evading service, and Plaintiff appears to be content with the service that has been made on Ms. Husein. Plaintiff has not requested an extension of time to serve Mr. Husein or anyone else. Plaintiff does state that the statute of limitations would bar refiling if this case were dismissed without prejudice, but that issue will be addressed below. In the absence of any request for an extension to make or perfect service, none will be granted.

### C. No Good Cause

The court now turns to whether Plaintiff has demonstrated good cause. When a defendant challenges the timeliness of service, "the serving party bears the burden of proving … good cause for failure to effect timely service." Sys. Signs Supplies v. U.S. Department of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990). Good cause under Rule 4(m) requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Thrasher, 709 F.3d at 511 (internal citation omitted).

The undersigned finds that Plaintiff has not demonstrated good cause. First, Plaintiff has not submitted an affidavit, correspondence, emails, or other evidence to

support the claim that there were efforts to make service that failed to come to fruition due to failures of LRI Process Services. The delay of more than seven months was excessive, and Plaintiff never requested an extension of time to make service even though counsel admits he became aware after the 90-day deadline that service had not been completed.

This court routinely grants reasonable requests for extensions of time to make service, but a party flirts with disaster when it chooses to not ask for such an extension and hope that all will be forgiven later. Counsel attempts to blame LRI for dropping the ball, but he took over the case within the 90-day window, and he admits that he did not realize that service had not been performed until February 2018, almost two months after the Rule 4(m) deadline. Instead of requesting an extension of time, he asked LRI to try service again, but he apparently did not check on the status of that service until April 2018.

The record suggests the delays in this case were the result of garden variety neglect and inadvertence. No defendant avoided service, and Plaintiff did virtually nothing to ensure timely service. Even after discovering that timely service had not been made, scant attention was paid to this important preliminary step in the lawsuit. Plaintiff has not met its burden of demonstrating good cause.

### D. Effect of Limitations Period

Plaintiff represents that it filed suit only a few days before the one-year limitations period expired, meaning that dismissal of the complaint without prejudice will now leave its claim time barred. If a statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) is reviewed on appeal under the heightened standard used to review a dismissal with prejudice. Thrasher, 709 F.3d at 512-13. The Fifth Circuit

has stated that such dismissals are warranted only where there is a clear record of delay—characterized by significant periods of total inactivity—or contumacious conduct by the plaintiff, and a lesser sanction would not better serve the interests of justice. Id. When the court has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: (1) delay caused by the plaintiff itself and not its attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. Id. at 514.

There were significant periods of total inactivity in this case. Nothing happened of record, other than a substitution of counsel, between the filing of the complaint and the filing of the motion to dismiss almost eight months later. The briefs indicate that little else was happening outside the record. In Plaintiff's favor, there is no factual basis to find that the delay was caused by Plaintiff itself, as opposed to its attorneys. As for prejudice, Ms. Husein has not articulated any particular prejudice stemming from the delay. But the passage of several months could easily reduce the likelihood of a shop owner's ability to gather relevant inventory records, receipts, or merchandise that would be relevant to defending a claim based on a single sale made in September 2016. The delay can be said to be caused by intentional conduct. Counsel knew, after the Rule 4(m) deadline, that service had not been made, and he took minimal action to correct that serious omission.

**Conclusion**

The undersigned finds that, under the circumstances, dismissal without prejudice is appropriate with respect to both defendants for failure to make timely service. Ms. Husein was served several months late, and Mr. Husein has never been served. Plaintiff has not suggested a lesser sanction that would better serve the interest of justice. The fact that the

limitations period may prevent filing a new complaint over the particular sale at issue is unfortunate for Plaintiff, but Plaintiff could have easily avoided that by not waiting until almost a year after the sale to file the lawsuit and then making almost no effort to serve the complaint.  Furthermore, if Smoke Corner has continued to stock and sell the subject product in the months since, Plaintiff should be able to file a new complaint based on a timely event.

Accordingly,

**IT IS RECOMMENDED** that Defendants' **Motion to Dismiss (Doc. 10)** be **granted** and the complaint be **dismissed without prejudice** with respect to both defendants.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of July, 2018.

Mark L. Hornsby
U.S. Magistrate Judge